UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MEJIA,<br><br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>MIKE BABCOCK,<br><br>　　　　　Respondent. | NO. CV 12-7201-MFW (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On August 22, 2012, Petitioner filed a Petition for Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before ***September 28, 2012***, why this court should not recommend dismissal of the Petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## PROCEDURAL BACKGROUND

On February 10, 2006, Petitioner was sentenced to 4 years, 2 months for possession of methamphetamine and cocaine, and for providing false identifying information to a police officer.  (Petition at 2.)  On December 11, 2006, the California Court of Appeal affirmed the conviction.  (*Id.* at 2-3.)  Petitioner did not file a petition for review.  (*Id.* at 3.)

Beginning on April 28, 2008, Petitioner filed habeas petitions in California.  (*Id.*)  His last petition was denied by the California Supreme Court on August 17, 2011, with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998),[1] among other cases.  California Appellate Court Case Information online in Case No. S190287.

On August 15, 2012, Petitioner constructively filed a Petition for Writ for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this court.  (Petition, Certificate of Service.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

---

[1] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely."  See *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007).

**A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

On December 11, 2006, the California Court of Appeal affirmed Petitioner's conviction. Because Petitioner did not file a petition for review with the California Supreme court, his conviction became final 40 days later on January 22, 2007.[2] *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired on January 22, 2008.

**1. Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until April 28, 2008, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period). Absent equitable tolling, the petition is time-barred.

**2. Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this

---

[2] Forty days after December 11, 2006, was Saturday, January 20, 2007.

reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the Petition that Petitioner is entitled to equitable tolling.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground One, Petitioner contends his trial counsel was ineffective because he failed to investigate and introduce exculpatory evidence. (Petition at 5.) At a hearing in October 2005, the trial court asked Petitioner if he would waive his speedy trial rights so his counsel could "prepare the case." (*Id.*, Attached at 7.) Petitioner asked the court if his counsel was going to call certain witnesses and obtain surveillance video. (*Id.*) The court said that was "why your attorney needs more time." (*Id.*) Petitioner contends his counsel failed to investigate the witnesses or the tape. (*Id.* at 8.) In Ground Two, Petitioner contends his appellate counsel was ineffective for failing to challenge the denial of a motion to suppress. (Petition at 5.) In Ground Three, Petitioner contends his appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel and insufficiency of the evidence. (*Id.* at 5-6.) Petitioner was aware of the factual predicate underlying his first ground at the time of trial. Petitioner was aware of the factual predicates underlying his second and third grounds at the time of appeal. Accordingly, the date of discovery does not assist Petitioner.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***September 28, 2012***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the Petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: August 28, 2012

                                      ALICIA G. ROSENBERG
                                      United States Magistrate Judge